IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DOBRA, ) | | |
| and CHARLES WM. DOBRA, LTD., ) | | |
| on behalf of plaintiffs and ) | | |
| the class members defined herein, ) | | |
| ) | | |
| Plaintiffs, ) | | 15 C 2736 |
| ) | | |
| v. ) | | Judge Tharp |
| ) | | Magistrate Judge Martin |
| KANELAND PUBLICATIONS, INC., ) | | |
| and JOHN DOES 1-10, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER FINALLY APPROVING THE SETTLEMENT**

On December 3, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiffs, on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Kaneland Publications, Inc. ("Kaneland" or "Defendant"), as memorialized in the Settlement Agreement attached as Appendix A to Plaintiffs' Motion for Preliminary Approval of Settlement (the "Settlement Agreement"). Capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

On April 22, 2016, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the settlement pursuant to the Settlement Agreement. Having considered the

1

Settlement Agreement, Plaintiffs' Memorandum in Support of Final Approval of the Class Action Settlement, Petition for Attorney's Fees, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

### Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons with fax numbers who between December 1, 2014 through and including March 31, 2015 were sent faxes by or on behalf of Kaneland Publications, Inc. promoting its goods or services for sale, and which did not contain an opt out notice as described in 47 U.S.C. § 227.

5. The Court finds that certification of the Settlement Class solely for purposes of settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs will fairly

and adequately protect the interests of the Settlement Class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate Settlement Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Charles Dobra and Charles Wm. Dobra, Ltd. are designated as representatives of the Settlement Class (the "Class Representative").

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

### Class Notice

8. The class notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and U.S. Mail to each Settlement Class Member who was identified on the Fax List. Settlement Class Counsel also posted the Settlement Agreement (without exhibits), the Petition for Attorney's Fees, and notice on their firm's website, www.edcombs.com. The class notice, claim form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on www.class-settlement.com/kaneland. These forms of class notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 11 valid and timely

claim forms were submitted representing 23 fax transmissions. No valid late claims were submitted.

## Objections and Opt-Outs

10. No objections were filed by Settlement Class Members.

11. Three entities validly requested exclusion from the Settlement Class and is hereby excluded from the Settlement Class: Reinert Financial Services, LLC, ServiceMaster Restoration and Cleaning Services by Skip, and Kane County Recycling. (*Dkt. Nos. 41-43*)

## Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant and its insurer, Philadelphia Indemnity Insurance Company ("Philadelphia"), shall collectively pay $37,500 into the Settlement Fund, less any costs advanced for notice and administrative expenses to Settlement Class Counsel pursuant to the procedures set forth in the Settlement Agreement. Defendant has advanced $3,000 from the Settlement Fund for costs of notice and administration. Therefore, Defendant and Philadelphia shall pay the remaining $34,500 of the Settlement Fund pursuant to the procedures set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

13. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Settlement Class Counsel the sum of $11,500 as an award of attorneys' fees to be paid from the Settlement Fund within 14 days of the Effective Date, and finds this amount of fees is fair and reasonable.

14. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representatives and awards $4,500 to Charles Dobra and Charles Wm. Dobra, Ltd. The Court finds that this payment is justified by the Class Representatives' service to the Settlement

Class. This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

### Other Provisions

15. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16. Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

17. The Court orders Defendant through its insurer, Philadelphia, or Defendant's counsel to deliver the Settlement Fund less the $3,000 advanced for notice and administration costs to the Client Trust Account of Settlement Class Counsel, within ten days of the Effective Date.

18. Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed equally to Administer Justice Legal Aid Society and Prairie State Legal Aid Society as *cy pres* recipients. Payment is due in accordance with the timing set forth in the Settlement Agreement.

19. In the preliminary approval order, this Court ordered that Class-Settlement.com be the Settlement Class Administrator. The Settlement Class Administrator shall make all claim payments to Settlement Class Members pursuant to the terms of the Settlement Agreement.

20. Settlement Class Counsel or the Settlement Class Administrator shall file a final accounting affidavit and/or memorandum detailing the distribution of the Settlement Fund by November 4, 2016.

21. Within 14 days of entry of this Order, the Settlement Class Administrator shall send a letter and W-9 forms to the Settlement Class Members who are entitled to recover more than $599.99, explaining they are required to submit a W-9 form to the Settlement Class Administrator within 30 days of the date of the letter. Settlement Class Members to whom such letters are issued shall have 30 days after the date the letter was sent to respond and submit a completed a W-9 form to the Settlement Class Administrator. The Settlement Class Administrator shall withhold taxes on payments to Settlement Class Members who fail to timely submit a completed and valid W-9 form

22. Within 30 days following the expiration of time for Settlement Class Members to complete a W-9 form, the Settlement Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims.

23. The releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date. The Parties are ordered to take all necessary actions to complete the settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement.

24. Status, final accounting of the class settlement and dismissal of this litigation is set for November 15, 2016 at 9:00 a.m.

ENTER:

Dated: 4/22/2016

*[signature: John J. Tharp Jr.]*

John J. Tharp, Jr.
United States District Judge